**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANDREW DeVIVO, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT - CLASS ACTION** |
| vs. | **DEMAND FOR JURY TRIAL** |
| SOVEREIGN LENDING GROUP INCORPORATED | |
| Defendant. | |

Andrew DeVivo, individually and on behalf of others similarly situated, alleges the following against Sovereign Lending Group, Incorporated ("Sovereign Lending" or "Defendant").

### I. NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

COMPLAINT - CLASS ACTION - 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Sovereign Lending is a mortgage lender.

4. Sovereign Lending made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5. Plaintiff now files this lawsuit seeking injunctive relief, requiring Sovereign Lending to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

COMPLAINT - CLASS ACTION - 2

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## II.  JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over Sovereign Lending because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to the Plaintiff.

## III.  PARTIES

9. Plaintiff Andrew DeVivo is a citizen of Washington, residing in Pierce County, Washington.

10. Defendant Sovereign Lending Group Incorporated is a California stock corporation with its principal place of business in Costa Mesa, California.

## IV.  TCPA BACKGROUND

**A.  The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

11. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**C.     The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

15. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

17. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

18. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

19. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

20. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the

COMPLAINT - CLASS ACTION - 4

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4)

21. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

22. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

## V. FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Sovereign Lending Group, Incorporated**

23. Sovereign Lending is a company that seeks mortgage and refinancing clients.

24. To generate business, Sovereign Lending relies on telemarketing.

25. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**B.  Factual Allegations Regarding Plaintiff**

26. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff's telephone number, (XXX) XXX-7494, is a non-commercial telephone number not associated with any business.

28. Plaintiff's telephone number, (XXX) XXX-7494, is used for personal residential purposes.

29. Plaintiff's telephone number, (XXX) XXX-7494, has been listed on the National Do Not Call Registry since 2003.

30. Plaintiff has never been a Sovereign Lending customer and never consented to receive calls from Sovereign Lending.

31. In or around January 2022, Plaintiff received a telephone solicitation call on his cellular telephone line offering home financing products.

COMPLAINT - CLASS ACTION - 5

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

32. The caller identified themselves as being from Sovereign Lending and informed Plaintiff that the purpose of their call was to offer Plaintiff a new home loan or refinance product.

33. Plaintiff was not interested in a new home loan or refinance product and advised the Sovereign Lending representative as much.

34. Plaintiff further informed the Sovereign Lending representative that he did not want to receive calls from Sovereign Lending and requested that they cease calling him.

35. Nonetheless, Sovereign Lending continued to call Plaintiff.

36. Plaintiff received additional calls from Sovereign Lending throughout January and February 2022.

37. On at least one other unsolicited call from Sovereign Lending, Plaintiff, again, demanded that the calls cease.

38. The Sovereign Lending agent confirmed that Plaintiff would be added to their do not call list but that it could take up to a week for the calls to cease.

39. The calls, however, continued.

40. In fact, Sovereign Lending would often call Plaintiff multiple times in a single day.

41. For example, on February 15, 2022, Plaintiff received five live telephone solicitation calls from Sovereign Lending on his cellular telephone line offering home loan and home refinance products at 7:50 a.m., 9:24 a.m., 11:26 a.m., and two calls at 3:10 p.m.

42. The caller ID for all five calls showed the calls were from telephone number (949) 736-9143.

43. (949) 736-9143 is associated with Sovereign Lending.

44. NoMoRobo, who won the FTC's competition for tracking robocalls, has reported that Caller ID as a "robocaller". https://www.nomorobo.com/lookup/949-736-9143. (Last Visited April 14, 2022).

COMPLAINT - CLASS ACTION - 6

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

32. The caller identified themselves as being from Sovereign Lending and informed Plaintiff that the purpose of their call was to offer Plaintiff a new home loan or refinance product.

33. Plaintiff was not interested in a new home loan or refinance product and advised the Sovereign Lending representative as much.

34. Plaintiff further informed the Sovereign Lending representative that he did not want to receive calls from Sovereign Lending and requested that they cease calling him.

35. Nonetheless, Sovereign Lending continued to call Plaintiff.

36. Plaintiff received additional calls from Sovereign Lending throughout January and February 2022.

37. On at least one other unsolicited call from Sovereign Lending, Plaintiff, again, demanded that the calls cease.

38. The Sovereign Lending agent confirmed that Plaintiff would be added to their do not call list but that it could take up to a week for the calls to cease.

39. The calls, however, continued.

40. In fact, Sovereign Lending would often call Plaintiff multiple times in a single day.

41. For example, on February 15, 2022, Plaintiff received five live telephone solicitation calls from Sovereign Lending on his cellular telephone line offering home loan and home refinance products at 7:50 a.m., 9:24 a.m., 11:26 a.m., and two calls at 3:10 p.m.

42. The caller ID for all five calls showed the calls were from telephone number (949) 736-9143.

43. (949) 736-9143 is associated with Sovereign Lending.

44. NoMoRobo, who won the FTC's competition for tracking robocalls, has reported that Caller ID as a "robocaller". https://www.nomorobo.com/lookup/949-736-9143. (Last Visited April 14, 2022).

COMPLAINT - CLASS ACTION - 6

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

45. When the above number was called back, a representative of Sovereign Lending answered the call and stated, "this is Zach with Sovereign Lending on a recorded line."

46. Each of the above-described calls occurred after Plaintiff had registered his residential telephone number with the National Do Not Call Registry.

47. Plaintiff and other individuals who received these autodialed calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI. CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

49. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

50. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

51. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

COMPLAINT - CLASS ACTION - 7

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

52. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

54. This Class Action Complaint seeks injunctive relief and money damages.

55. The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

60. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal DNC Class;

COMPLAINT - CLASS ACTION - 8

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

   c. whether Defendant's conduct regarding its "do not call" policies constitutes a violation of the TCPA;

   d. Whether Defendant's conduct constitutes a violation of the TCPA; and

   e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

61. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

62. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

63. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

64. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

65. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

66. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

67. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

68. Defendant's violations were negligent, willful, or knowing.

69. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

70. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(1) & 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6) on behalf of Plaintiff and the Internal Do Not Call Class)**

71. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

72. Defendant placed numerous calls for telemarketing purposes to Plaintiff and Internal DNC Class Members' telephone numbers.

73. Defendant did so despite not recording or honoring "do not call" requests.

74. Defendant placed two or more telephone calls to Plaintiff and Internal Do Not Call Class members in a 12-month period.

COMPLAINT - CLASS ACTION - 10

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 ♦ FAX 608.509.4423
www.turkestrauss.com

75. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227.

76. Defendant's violations were negligent, willful, or knowing.

77. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

78. Plaintiff and the members of the Internal DNC Class are also entitled to and do seek injunctive relief requiring Defendant to enact a written policy pertaining to "do not call" requests, train its personnel on the existence and use of the internal "do not call list," and record and honor "do not call" requests.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. An order enjoining Defendant to comply with the internal "do not call" policies of the TCPA;

C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

    E.    Such other relief as the Court deems just and proper.

### VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 15th day of April, 2022.

    TURKE & STRAUSS LLP

    By:   */s/ Samuel J. Strauss,* WSBA #46971
           Samuel J. Strauss, WSBA #46971
           Email:  sam@turkestrauss.com
           613 Williamson St., Suite 201
           Madison, Wisconsin 53703
           Telephone: (608) 237-1775
           Facsimile:  (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION - 12

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com