UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW DeVIVO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOVEREIGN LENDING GROUP INCORPORATED,<br><br>Defendant. | CASE NO. C22-5254RSM<br><br>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Sovereign Lending Group ("SLG")'s Motion for a Protective Order and to Quash Third Party Subpoenas, Dkt. #22. The Court has determined that the parties have satisfied LCR 37's meet and confer requirement and that oral argument is unnecessary.

This is a putative class action alleging SLG violated the Telephone Consumer Protection Act ("TCPA") by calling (1) members of the National Do Not Call Registry without consent; and (2) individuals that had previously made "do-not-call" requests. *See* Dkt. #1 at 9-11. SLG moves to quash subpoenas issued by Plaintiff Andrew DeVivo seeking documents from two non-party Better Business Bureau ("BBB") locations, "BBB Great West + Pacific" in Tacoma, Washington, and "Better Business Bureau Serving the Pacific Southwest" in Newport Beach, California. *See* Dkt. #23-1, Ex. A and Ex. B. Both subpoenas seek "all documents

related to complaints regarding Sovereign Lending Group, Incorporated," from January 1, 2018, to the present. *Id*. In the alternative, SLG moves to limit responses to the Subpoenas "to complaints involving (1) calls to individuals who claimed they were on the National Do Not Call Registry and were called without consent; and (2) calls to individuals who claimed they were called after they had made a 'do-not-call' request to SLG." Dkt. #22 at 5. SLG also moves to block BBB from providing identifying information for consumers who submitted complaints. *Id*.

Federal Rule of Civil Procedure 26 sets the broad scope of permissible discovery: Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). This standard applies to third-party subpoenas. Under Rule 45(d)(3)(A), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. The Court may limit the extent of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The party who moves to quash a subpoena has the burden of persuasion. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Additionally, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1).

A party generally lacks standing under Federal Rule of Civil Procedure 45 to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER - 2

interest in the subpoenaed matter. *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 2010 U.S. Dist. LEXIS 148788, *2 (W.D. Wash. Jan. 4, 2010) (citing, *inter alia*, *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005)).

As was the situation in *Campagnolo*, cited heavily by SLG, the Court finds that SLG does not claim any privilege or protectable interest in the subpoenaed material and that it has no standing to quash the subpoenas under Rule 45.

The requested relief is properly considered as a motion for protective order under Rule 26(c). A party may move for a protective order to restrict the scope of discovery under that rule if it believes its own interests are jeopardized by nonparty subpoenas. *Campagnolo*, 2010 U.S. Dist. LEXIS 148788 at *3 (citing cases). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

SLG argues that BBB complaints are publicly available and that subpoenas are unnecessary. Plaintiff concedes he is essentially seeking the contact information for complainants, which is not public information. Dkt. #25 at 7 ("The subpoenas target only the contact information for consumers that reported Sovereign's misconduct to the BBB.").

SLG speculates, without evidence, that the BBB offices would be burdened by these subpoenas. To be clear, neither BBB location has filed anything with the Court. SLG also argues that Plaintiff is on a fishing expedition for a replacement named Plaintiff to represent the class. These arguments are not persuasive. The issue of the viability of this named Plaintiff's claims is not properly before the Court.

The Court finds that Plaintiff's requested information is relevant and generally proportional to the needs of the case under the Rule 26(b) standard. However, SLG arguably has an interest in the production of complaints made to the BBB, and the Court agrees that these requests are overly broad. The Court will impose SLG's proposed limitation, argued in the alternative: "to complaints involving (1) calls to individuals who claimed they were on the National Do Not Call Registry and were called without consent; and (2) calls to individuals who claimed they were called after they had made a 'do-not-call' request to SLG." Any BBB complaint against SLG that includes the words "Do Not Call," "Do Not Call Registry," or the like would be relevant, and the Court trusts Plaintiff to properly word the subpoenas to capture only such complaints. Requesting records that contain a limited number of specific search terms will reduce the burden on the two BBB offices.

SLG's request to prevent Plaintiff from obtaining contact information is meritless. Plaintiff has presented at least some basis for obtaining the information other than identifying new or replacement class members: to substantiate class allegations, and to discover whether the putative class suffered the same alleged injury in order to establish commonality and typicality. *See* Dkt. #25 at 9. Courts routinely allow the collection of this kind of information in putative class actions. *See Rojas v. Bosch Solar Energy Corp.*, 2020 U.S. Dist. LEXIS 29163, *8 (N.D. Cal., Feb. 20, 2020).

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Protective Order, Dkt. #22, is GRANTED IN PART as stated above. Plaintiffs are directed to immediately send revised subpoenas to the two BBB locations consistent with the above. Neither party is entitled to costs given the split nature of the Court's ruling. The parties are directed to attempt to resolve any

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER - 4

issues related to these subpoenas in good faith and consistent with this Order prior to seeking further assistance from the Court.

DATED this 9th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER - 5